THE STATE, AUGUSTUS ABREY, PROSECUTOR, v. HENRY R. CANNON, CLERK OF UNION COUNTY.

1. Where a road is laid out in two or more townships, the surveyors must certify the proportion of assessment by them made which shall be paid by the several townships in which said road is laid out, notwithstanding the fifteenth section of the act of 1859. *Nix. Dig.* 841.
2. The surveyors cannot assess any part of the damages of land owners in one township to the land owners in another.
3. The assessment against land owners must be in proportion to benefits.

---

*Certiorari* in matter of road.

For prosecutor, *F. B. Chetwood.*

For defendant, *W. J. Magie.*

The opinion of the court was delivered by

VREDENBURGH, J. This *certiorari* brings up the return of a road laid out by surveyors of the highways in the townships of Union and Westfield, in the county of Union, in January, 1868.

One reason assigned for setting aside the return is, that the surveyors did not state in their return the proportion of the assessment by them made for damages which should be paid by each township, according to the provisions of the fourth section of the act of March 1st, 1850. *Nix. Dig.* 834.*

---

*Rev., p.* 999, § 16.

State, Abrey, pros., v. Cannon, Clerk of Union Co.

This section provides, that in case any public road laid out shall lie in two or more townships, it shall be the duty of the surveyors laying out the same, to state and certify the proportion of assessment by them made which shall be paid by the inhabitants of the several townships in which said road is laid out; and it shall be the duty of the township committees of said townships to provide for the payment thereof.

In this return there is no such certificate. But to this it is answered, that these proceedings were had under the fifteenth section of the act of 1859. *Nix. Dig.* 841.* By this last act it is provided, that hereafter when any public road is laid out and damages assessed, the surveyors shall, at the same time, assess the said damages, as equitably as may be, upon the owners of any land in the neighborhood of said road, which, in their opinion, will be benefited thereby, as nearly as may be in proportion to the benefits derived from the laying out of said road. The surveyors in this case have assessed the land owners of Westfield six thousand two hundred and sixty-nine dollars and seventy-five cents for damages, and only five thousand five hundred and ninety-nine dollars and seventy-five cents for benefits.

The prosecutor, Mr. Abrey, who owns land in Westfield, is assessed seven hundred and eight dollars and seventy-five cents for damages, and for benefits eight hundred and eight dollars and seventy-five cents.

Section seventeen of said act of 1859 provides that the town committee shall collect the damages from the persons upon whom the same have been assessed, by taxation. So that, if these proceedings stand, the town committee of Westfield will collect from Mr. Abrey the eight hundred and eight dollars and seventy-five cents for benefits, but where is he to get the seven hundred and eight dollars and seventy-five cents for his land they have taken in Westfield? The intention of the act of 1859 was that they should be paid by the owners of land in the neighborhood of the road. But here the damages for lands taken in Westfield are six thousand two hundred and forty-nine dollars and seventy-five

* *Rev.*, p. 1016, § 115.

cents, while the benefits to land in Westfield are only five thousand five hundred and ninety-nine dollars and seventy-five cents; so that the benefits assessed on lands in Westfield fall six hundred and fifty dollars short of paying the damages for lands taken in Westfield. By this assessment, therefore, the township takes six hundred and fifty dollars more land of the land owners in Westfield than it pays for, part of which belongs to Mr. Abrey, and to that extent takes private property for public use without just compensation.

But it is said that this six hundred and fifty dollars is assessed upon the land owners in the township of Union, as owning lands in the neighborhood of the road, by virtue of said act of 1859.

This raises the question, was it the intent of the said fifteenth section of the act of 1859 to assess the damages for taking lands in one township upon the lands of another township? I think not, for several reasons.

In the first place, making the land owners of one township pay for lands taken in another, would be introducing an entirely new principle in the legislation of the state respecting roads. From the earliest settlement of the state, the roads have been township affairs. In the grants and surveys of the Proprietors, sufficient land for roads was reserved, and so, originally, when a road was laid out, no compensation was allowed for lands, upon the theory that the land owner had been allowed for it in his conveyance from the Proprietors. By article one, section sixteen, it was provided, that land may be taken for public highways, as heretofore, until the legislature should direct compensation to be made. The act of March 1st, 1850, (*Nix. Dig.* 833 *) first directed compensation to be made, and that the inhabitants of any township in which any public road should be laid out, should be liable in their corporate capacity to pay such damages, and raise the same by taxation in the ordinary mode; and that where the road is laid out in two or more townships, the surveyors should state and certify the proportion of the assessment which shall be paid by the several townships. Next

* *Rev., p.* 998.

comes the said fifteenth section of the act of 1859, before re-cited. Upon reading this fifteenth section, it will be perceived that it does not alter the relations between the land owners and the township corporations; it leaves them just as they were before. It leaves the townships, as corporations, liable just as before to the land owners for damages. The only dif-ference made by this fifteenth section is, that it changes the persons from whom the township corporations are to collect the damages. By the first four sections of the act of 1850, the townships, in their corporate capacity, are to collect the damages from all the inhabitants, generally, of the townships; by this fifteenth section, only from the owners of lands in the neighborhood of the road. So that this fifteenth section of the act of 1859 does not repeal or alter the act of 1850, so far as regards the liabilities of the township to the land owners, but leaves the same necessity as before, that the assessment should specify the proportion of the damages each township should pay, which has not been done in the case before us. Not only so, but the surveyors in this case have made no legal provision for paying six hundred and fifty dollars of the damages sus-tained by the land owners of Westfield. This six hundred and fifty dollars they have assessed, not upon the inhabitants of the township of Westfield, but upon the inhabitants of the township of Union.

How are the land owners of Westfield to collect this six hundred and fifty dollars? They cannot from the township of Westfield. Can they collect it from the corporate au-thorities of Union, or from those in that township who are assessed for benefits? The seventeenth section of the said act of 1859, provides that the township committee of the township in which said road is situated, shall thereupon cause the amount of said damages to be collected from the persons upon whom the same have been assessed, by taxa-tion, and shall pay, &c. Applying this section to the case before us, the township of Westfield will have to collect, then, six hundred and fifty dollars from certain inhabitants of

Union by the ordinary form of taxation. This is clearly impossible; and so these proceedings leave no mode by which these land owners of Westfield can recover this part of their damages.

It is manifest that the terms in said fifteenth section of the act of 1859, "land in the neighborhood," must be limited to lands in the neighborhood which are also in the same township. The moment we pass out of the township, the acts provide no machinery to enforce collection.

Again: this assessment is fatally defective in this: the said fifteenth section provides that the surveyors shall assess the damages as equitably as may be upon the owners of land in the neighborhood of said road, which, in their opinion, will be benefited thereby, as nearly as may be in proportion to the benefits which said lands shall be deemed by them to have derived from the laying out of said road, and certify the same in writing. By their return, the surveyors certify that, in their opinion, the lands owned by persons whose names are therein mentioned, and which are near and along said road, will be benefited to the amount respectively assessed against them. But they do not certify that those are all the lands in the neighborhood which, in their opinion, would be benefited by the road, nor that they assessed them according to the benefits. They certify that the lands would be benefited, but how much more land in the neighborhood would be benefited, or in what proportion to benefits these lands were assessed, they do not ascertain or certify. It was clearly the intent of the act of 1859, that all the land in the township and in the neighborhood of the road, should contribute to the damages, in proportion to the benefits received from the laying out of the road.

The return, for these reasons, is fatally defective, and must be set aside.

Return set aside.

Cited in State, Wilkinson, pros., v. Trenton, 6 Vr. 489; State, Kilburn, pros., v. Essex Road Board, 8 Vr. 275.